

CHARLES D. LOHRFINK, JR.
MARK McANDREW✧*
JOAN S. LEVIN
BRIAN D. MEISNER
NEIL B. PTASHNIK
JOHN L. A. LYDDANE
STEVEN A. LAVIETES*
ANNA R. SCHWARTZ*
CHRISTOPHER P. KEENAN*
TIMOTHY J. LENANE*
JEFFREY S. PESKE*
MICAH I. FRIEDBERG✧*
DAVID M. JAVER
MILAN P. SPISEK*
JONATHAN I. WEINSTEIN, M.D.
JILL W. LAURENCE
DAVID N. SCHREIBER
ZORAN G. KULJIS
EVAN J. LYMAN✧
MATTHEW A. BIALOR
THOMAS E. LAMB✧
MARILI D. GELARDI
JENNA R. FRANCESCHINI
LIANNA KHADER

COUNSELORS AT LAW
WHITE PLAINS • GARDEN CITY • STAMFORD
REPLY TO:
170 HAMILTON AVENUE
WHITE PLAINS, NEW YORK 10601-1789

TELEPHONE: 914.946.1400
FACSIMILE:  914.946.8024
WEBSITE: VLMM-LAW.COM

Of C...
SHE...
CORNELIUS CAWLEY
SARA JANE MOUTAL
TERI ANN QUINLAN
KEVIN J. MULLINS☐
RICHARD L. MAGRO
ELLIOT A. CRISTANTELLO
ANTHONY SAMMARTANO

ARTHUR J. VOUTÉ, JR. ( 1934 - 2020 )
DIANE K. KANCA ( 1955 - 2019 )
ELI S. COHEN ( 1930 - 2024 )

ZAHIDA RAMESAR, Practice Manager
MARGUERITE TROMBETTA, R.N., Paralegal

✧Also Admitted in New Jersey
*Also Admitted in Connecticut
✱Also Admitted in Massachusetts
☐Also C.P.A. and C.F.P.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2024

October 15, 2024

**FILED VIA CM/ECF SYSTEM**
Hon. Barbara Moses
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Re:   Ivison vs. Extend Fertility, LLC
SDNY Case #:  1:23-cv-4503-BCM
Our File #: 576/300-36/38-22479
*Expert Disclosures and Expert Depositions*

Dear Judge Moses:

Please be reminded that we represent the defendant, Extend Fertility, LLC, in the above-referenced matter. The purpose for this letter is to bring matters to the court's attention pertaining to expert discovery and depositions that arose this morning, just prior to the beginning of the scheduled deposition of plaintiff's counsel. It is respectfully requested that a conference be scheduled to address the issues raised herein.

We have conferred with plaintiff's counsel and had hoped to be in a position to submit a joint letter to the court along with plaintiff's counsel. However, after discussions with plaintiff's counsel this afternoon, and this evening, it became apparent that we would not be able to do so.

The deposition of plaintiff's expert, Dr. Christine Allen, was scheduled to be taken earlier today beginning, at 10:00 a.m. This deposition was to be conducted jointly with NECC (defendants in the companion action currently pending in United States District Court for the District of Massachusetts). Unfortunately, Dr. Allen's deposition had to be adjourned, after conferring with plaintiff's counsel, due to the reasons set forth below.

Plaintiff served her Rule26(a)(2) expert disclosure identifying Christine S. Allen, M.S., Ph.D., as plaintiff's expert witness on September 18, 2024. (annexed hereto as *Exhibit A*). Dr. Allen's report containing her

Hon. Barbara Moses  
Ivison v. Extend Fertility, LLC  
SDNY Case #: 1:23-cv-04503(BCM)  
Our File #:  576/300-36/38-22479

October 15, 2024  
Page 2

opinions is annexed hereto as *Exhibit C*.  Dr. Allen's report stated that her expert opinions were based on a review of the documents described in her report. (*see Ex. B at the top of pg. 2)*. Dr. Allen's report also contained an appendix titled "List of Testimonies and evidence reviewed *(sic)*." (*Ex. B* at pg. 12) The declaration attached to Dr. Allen's report was signed and dated July 16, 2024. (*Ex. B* at pg. 15).

At 10:01 a.m. this morning, with Dr. Allen's deposition scheduled to begin at 10:00 a.m., plaintiff's counsel disclosed (*via* e-mail) a list of five additional deposition transcripts, and three additional categories of documents, which were not listed in Dr. Allen's report.  (A copy of the e-mail from plaintiff's counsel identifying the additional records that Dr. Allen reviewed is annexed hereto as *Exhibit C*).

 The additional items that Dr. Allen planned to incorporate into her opinions and the facts upon which her opinions and testimony were to be based. included approximately seven hundred pages of records, and approximately seven hundred pages of deposition testimony.

Plaintiff's counsel stated that Dr. Allen reviewed these additional documents and deposition transcripts prior to her deposition.  Undoubtedly, Dr. Allen was planning to base the opinions offered during her testimony on these additional documents which were not listed in her report

Plaintiff's counsel further stated that Dr. Allen would be issuing an amended report incorporating her review of the additional documents and deposition transcripts.  Consequently, it became clear that defendants would be prejudiced by moving forward with Dr. Allen's deposition due to this late disclosure. Plaintiff's counsel agreed.

Defendant opposes plaintiff's application to amend their expert disclosure.  Defendant also respectfully requests that the deadline for defendant to exchange their expert disclosure be temporarily stayed until the court has had an opportunity to rule with respect to plaintiff's application to amend her expert disclosure. As it stands now, Defendant's expert disclosure is due tomorrow, October 16, 2024. (*ECF Doc. # 71)*.

Plaintiff's counsel has not provided any reason for the delay in providing the additional materials listed in *Exhibit A* to plaintiff's expert. Certainly, providing them on the morning of the expert's deposition was not timely or appropriate.  Each of these materials was available to the plaintiff well before the date by which the plaintiff's expert disclosure was to be provided.

FRCP 26(a)(2)(B) requires that expert reports contain, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them, and the facts or data considered by the witness in forming them.  FRCP26(a)(2)(B)(i) and (ii). FRCP 26(a)(2)(D) requires that these disclosures be made at the times, and in the sequence that the court orders.  
Defendant is in a compromised position with the defendant's expert disclosure due tomorrow.  The revelation that plaintiff's review of this case was incomplete leaves the defendants in the position of not knowing all of the facts and circumstances on which plaintiff's expert opinions will be based. Therefore, it is only fair that the defendant's deadline for disclosure be temporarily stayed so that the court can rule on whether the plaintiff will be allowed to serve an amended disclosure.

Hon. Barbara Moses  October 15, 2024
Ivison v. Extend Fertility, LLC  Page 3
SDNY Case #: 1:23-cv-04503(BCM)
Our File #:  576/300-36/38-22479

It is anticipated that plaintiff's counsel will argue that it was only after defendant served an amended subpoena for the deposition of Dr. Allen that plaintiff realized that Dr. Allen had not been provided with the documents identified in *Exhibit A*.  That argument is without merit.  It does not excuse the fact that Dr. Allen's report, which had been completed three months earlier, and exchanged one month earlier, was incomplete, or excuse the fact that Dr. Allen May not have reviewed the full and complete record before forming her opinions and writing her report setting forth those opinion and the facts upon which they were based.

The original subpoena was served *via e-mail* at 4:51 pm on Thursday, October 10, 2024. It mistakenly stated that the matters on which the deposition of Dr. Allen would be taken were "*the care, treatment, and counseling that Dr. Greene provided to Lauren Ivison at Conceptions Reproductive Associates from 2019 to the present.*" These matters were so far afield from the matters discussed in Dr. Allen's report that it could not have been understood to be anything other than a mistake.

Recognizing that it was a mistake, plaintiff's counsel Scott Hendler contacted the undersigned. The undersigned spoke with Mr. Hendler *via* telephone at approximately 8:45 p.m. that same Thursday evening and confirmed that it was a mistake and that a revised subpoena would be issued immediately.  A revised subpoena was served *via* e-mail to all counsel at 9:06 p.m. The revised subpoena stated that the subject matter of Dr. Allen's deposition would be "*the matters set forth in Dr. Allen's report containing her opinions, her CV, background and qualifications, her publications, and the matters set forth in Plaintiff's Rule 26(a)(2) Expert Disclosure and the matters contained therein.*" Therefore, this mistake was immediately corrected.

Furthermore, the brief time before a revised subpoena was issued did not have any impact on the documents and depositions upon which Dr. Allen's opinions and testimony as set forth in her report were based.  The declaration annexed to Dr. Allen's report was signed and dated July 16, 2024. (*See* Dr. Allen's declaration on the last page of *Exhibit B*.)  Therefore, Dr. Allen's report, containing the list of items she reviewed, and upon which her opinions were based, was completed about three months earlier, and about one month after her report was served on defense counsel. This was long before a subpoena for her deposition was served. Thus, if there was any delay in discovering that the materials provided to Dr. Allen were incomplete was of the plaintiff's own making.

Additionally, it was on October 2, 2024, that Dr. Allen's deposition was scheduled for October 15, 2024. That date was again confirmed with plaintiff's counsel on October 10, 2015.  Yet still, there was no indication that Dr. Allen would be reviewing additional materials upon which her opinions and testimony would be based.

Staying expert discovery until the court addresses plaintiff's application to amend her expert report is only fair.  This is especially true that defendants no longer have the opportunity to depose Dr. Allen before their expert disclosures are due tomorrow.  Moreover, if defendants are forced to exchange its expert reports before plaintiff's fully and fairly disclose their experts' opinions, and the facts upon which her opinions are based, it will burden the defendants, and their experts, forcing them to expend additional time and resources to prepare their own amended reports.  Instead, it would be more economical and efficient for the defendant's experts to prepare their report based on a reasonably complete disclosure exchanged by the plaintiff.

Should the court grant plaintiff's application to amend her expert disclosure, defendants respectfully request that the time for defendants to provide its expert disclosure be extended until at least thirty (30) days after the

Hon. Barbara Moses  
Ivison v. Extend Fertility, LLC  
SDNY Case #: 1:23-cv-04503(BCM)  
Our File #:  576/300-36/38-22479

October 15, 2024  
Page 4

plaintiff's amended expert disclosure is served, and that the time to complete expert discovery be extended until thirty (30) days after the defendant's expert reports must be disclosed.

Respectfully submitted,

Brian D. Meisner, Esq.  
*Attorney for Defendant,*  
*Extend Fertility, LLC*

> Any motion to amend or supplement Dr. Allen's report must be filed no later than **October 18, 2024**. The Court will accept a letter-motion; however, any critical factual assertion (*e.g.*, regarding when Dr. Allen received the additional materials and why she did not review them before signing her original report) must be presented in the form of an affidavit or declaration. Defendants' opposition letter-brief must be submitted no later than **October 25, 2024**. Letter-briefs are limited to four pages each. The deadline for defendants to serve their expert report(s) is STAYED pending decision on the motion to amend. SO ORDERED.
>
> Barbara Moses  
> United States Magistrate Judge  
> October 16, 2024