USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAUREN IVISON,

        Plaintiff,

-against-

EXTEND FERTILITY, LLC,

        Defendant.

23-CV-4503 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff's letter-application dated October 18, 2024 (Pl. Ltr.) (Dkt. 84), seeking leave to supplement the expert report of Dr. Christine Allen pursuant to Fed. R. Civ. P. 26(e)(2), is GRANTED.

Dr. Allen signed her report on July 16, 2024, and plaintiff disclosed it to defendant on September 18, 2024. *See* 10/15/24 Def. Ltr. (Dkt. 81) at 1 & Ex. B (Allen Rep.). As required by Fed. R. Civ. P. 26(a)(2)(B)(ii), the report included a "[l]ist of [t]estimonies and evidence reviewed." Allen Rep. at 12. On October 15, 2024 – the morning of Dr. Allen's scheduled deposition – plaintiff's counsel advised that she had provided Dr. Allen with seven additional documents "for review in advance of her deposition," including five additional deposition transcripts, 10/15/24 Def. Ltr. Ex. C, and that Dr. Allen would amend her report accordingly. *Id.* at 2. Defendant declined to proceed with Dr. Allen's deposition, asserting that it would be prejudiced "due to this late disclosure." *Id.* Additionally, defendant objected to any amendment of the Allen Report, and requested a stay of the expert discovery schedule until the dispute was resolved. *Id.* at 2-3.[1]

---

[1] Defendant's expert disclosures were due the next day, October 16, 2024. (*See* Dkt. 71.)

On October 16, 2024, the Court directed plaintiff to file any motion to amend or supplement Dr. Allen's report by October 18, 2024, and stayed defendant's expert disclosure deadline pending decision on plaintiff's motion. (Dkt. 83.)

In her letter-application, plaintiff states that Dr. Allen has not changed her previously-disclosed opinions and does not intend to include any new opinions. Pl. Ltr. at 2. She merely wishes to "inform Defendant of additional materials she reviewed" after signing her report and before her deposition. *Id.* Although the proposed supplemental report has not been submitted to the Court, plaintiff represents that she intends only to "add[] to the list of the materials she has reviewed in accordance with FRCP 26(e)(2)." *Id.* at 3. Plaintiff argues that Rule 26(e)(2) requires her to supplement the Allen Report under these circumstances, *id.* at 1-2, and that defendant could not be prejudiced by a required supplement that accurately updates the list of materials reviewed by the witness. *Id.* at 2-3. In an accompanying declaration, plaintiff's counsel states that when preparing to defend Dr. Allen's deposition she realized that she had not yet sent Dr. Allen various discovery materials developed after Dr. Allen initially signed her report, and consequently did so on Friday October 11, 2024. Joseph Decl. (Dkt. 84-1) ¶¶ 5-6. On Monday, October 14, counsel spoke to Dr. Allen, who "confirmed that the additional materials did not alter her opinions," *id.* ¶ 7, and on Tuesday morning, October 15, counsel provided defendant with the list of new materials provided to the witness. *Id.* ¶ 8. Additionally, plaintiff's counsel agreed to postpone Dr. Allen's deposition "so Counsel for Defendants could revise their preparation for the deposition as needed." *Id.* ¶ 9. Counsel adds that since then, her office obtained two additional deposition transcripts and forwarded them to Dr. Allen on October 18, 2024. *Id.* ¶¶ 12-13.

In its opposition letter-brief, filed on October 25, 2024, defendant argues there is no "legal basis" upon which supplementation may be allowed, because, *inter alia*, "[a]ll of the materials

2

upon which plaintiff seeks to supplement Dr. Allen's report were available at the time when Dr. Allen's original report was issued." Def. Opp. (Dkt. 86) at 1-2. Defendant relies on cases such as *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163 (S.D.N.Y. Nov. 16, 2007), in which Judge Katz of this Court stated, in relevant part,

> It should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought. *See* Fed. R. Civ. P. 26(a)(2)(B) ("The [expert] report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor."). It is only if the expert subsequently learns of information that was previously unknown or unavailable, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete, that the duty to supplement arises.

*Id*. *4 (alteration in original). Defendant reasons that since the new materials that plaintiff recently provided to Dr. Allen were not "previously unknown or unavailable," they cannot be grounds for supplementation, Def. Opp. at 2-3, and that it would be unfair to permit Dr. Allen to "bolster, strengthen, and improve upon her report" by way of supplementation, which "will prejudice defendant's ability to demonstrate the flaws in her opinions." *Id.* at 3.

This case is dramatically different from *Sandata*, in which Sandata accused Infocrossing of patent infringement. Infocrossing served the written report of its invalidity expert, Roman, on August 10, 2007. *Sandata*, 2007 WL 4157163, at *1. Plaintiff served its rebuttal report as to invalidity on September 12. *Id.* at *2. No replies were permitted. *Id.* However, thirty minutes into Roman's deposition on October 16, Infocrossing disclosed – for the first time – his 20-page "supplementary" report, with 100 pages of exhibits. *Id.* The next day, defendant served a second "supplementary" report, running to 382 pages (including exhibits). *Id.* at *3. Sandata moved to strike both of the supplementary reports as untimely and unauthorized, arguing that they "rendered the deposition taken of Roman meaningless, and were simply Infocrossing's devious way of getting the last word on invalidity." *Id.* Infocrossing, for its part, argued that both reports were properly

3

served in compliance with Rule 26(e)(1), which, at that time, required a party to supplement its expert disclosures "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*[2]

The Court granted the motion in substantial part, noting that "[t]he purpose of the supplementation rule is to avoid ambush at trial and to assure that all material information has been disclosed," *Sandata*, 2007 WL 4157163, at *3, not to permit experts to "continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions. If that were the case, there would never be any closure to expert discovery, and parties would need to depose the same expert multiple times." *Id.* at *6. Judge Katz explained that the "new information" relied on by Roman in his first supplemental report included the deposition testimony of the opposing experts, *id.* at *4, and that "nearly all" of the discussion in that report "serve[d] as a response to various assertions made by Sandata's expert," making it, in substance, a prohibited reply report and a "transparent attempt" to evade his

---

[2] Substantially the same language now appears in Rule 26(e)(1)(A), as follows: !!

(1)  *In General.* A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:

   (A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

   (B)  as ordered by the court.

(2)  *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or *changes* to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e).

order prohibiting such reply reports. *Id.* at *5. As for the second supplemental report, it relied on numerous exhibits that Roman claimed to have found through further investigation and analysis, which permitted him to "produce a more thorough and stronger report than he initially produced," *Id.* at *6. This threatened to prejudice plaintiff, which had already taken Roman's deposition. *Id.* at *8 ("If the [supplemental] reports were to be allowed, Sandata would either be prevented from deposing Roman on his revised and supplemented opinions, or, if permitted, would be put to the expense of conducting another deposition."). Consequently, while Judge Katz did not preclude Roman's testimony, he "limit[ed] him to the opinions expressed in the only report authorized by the Court," namely, his original report. *Id.*

Here, by way of contrast, Dr. Allen does not propose to "bolster, strengthen, or improve" her original report. *Cf. Sandata*, 2007 WL 4157163, at *6. According to plaintiff, she has not "change[d] her opinion in any way." Pl. Ltr. at 2. Nor does plaintiff improperly seek "the last word" on any of the issues covered by Dr. Allen's report. *Cf. Sandata*, 2007 WL 4157163, at *3. Rather, plaintiff requests leave to update the "[l]ist of [t]estimonies and evidence reviewed" on page 12 of that report to reflect information already known to defendant, namely, that Dr. Allen has reviewed additional deposition transcripts and other discovery materials since the date of her original report. Pl. Ltr. at 1, 2.

Defendant is undoubtedly correct that those materials, to the extent available to plaintiff's counsel, should have been provided to Dr. Allen, and listed in her report, before that report was served on defendant. *See Sandata*, 2007 WL 4157163, at *4 ("It should be assumed that at the time an expert issues [her] report, that report reflects [her] full knowledge and complete opinions on the issues for which [her] opinion has been sought."). Failing that, plaintiff should have provided the additional materials and moved to supplement the report well in advance of the morning of Dr.

5

Allen's deposition. However, the proposed supplementation will not prejudice defendant, which has not yet taken Dr. Allen's deposition.[3] Nor is there any risk of "ambush at trial." *Id.* at *4. Indeed, it is not entirely clear to this Court what defendant hopes to accomplish – as a practical matter – by precluding Dr. Allen from supplementing her report to provide a full list of the materials she has reviewed. Regardless of whether the written report is supplemented, defendant will be free to ask Dr. Allen, at deposition, about any and all relevant discovery materials, and Dr. Allen will be required to testify truthfully as to when she reviewed them, whether they affected the opinions stated in her report, and why.

For these reasons, plaintiff's letter-application is GRANTED to the extent that plaintiff may supplement the portion of Dr. Allen's expert disclosing the "[t]estimonies and evidence reviewed." The supplemental report must be served no later than **November 8, 2024**. If defendant wishes to supplement or amend its own rebuttal report (as to Dr. Allen's opinions), it may do so no later than **November 15, 2025**. All expert depositions must be completed no later than **December 6, 2024**. The status conference now scheduled for November 18, 2024, is ADJOURNED to **December 16, 2024**, at **11:00 a.m.** No later than **December 9, 2024**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no controversies exist at that time, the parties may request that the conference be held telephonically.

---

[3] Defendant reports that, notwithstanding this Court's October 16, 2024 order staying expert discovery, it was "forced to serve [its] expert disclosures before the stay was announced to ensure they were timely served." Def. Opp. at 86. Any resulting prejudice, however, can easily be cured by providing defendant an opportunity to supplement its rebuttal report with regard to Dr. Allen's opinions.

The Clerk of Court is respectfully directed to close the motion at Dkt. 84.

Dated: New York, New York
November 4, 2024

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**